UPON A REHEARING EN BANC
LEMONS, Judge.
James L. Terry pled guilty to one count of felony carnal knowledge of a child, a violation of Code § 18.2-63. The trial judge imposed a sentence of ten years, with eight years suspended. Terry appealed the sentence imposed by the trial judge, arguing that the admission of certain evidence at the sentencing hearing violated his Sixth Amendment right to counsel. A three-judge panel of this Court reversed and remanded for resentencing. We granted the Commonwealth a rehearing en banc.
*194 Upon rehearing, we hold that upon his plea of guilty, Terry waived objection to any non-jurisdictional defects that occurred before his plea. Therefore, we vacate the decision of the three-judge panel, and affirm the conviction.
I. BACKGROUND
On August 23, 1996, James L. Terry was arrested and charged with one count of carnal knowledge of a child, a violation of Code § 18.2-63. Police questioned Terry until he asked to speak with an attorney. On August 26, 1996, the Office of the Public Defender of Halifax County was appointed to represent him. On September 23, 1996, a social services investigator and two Halifax police investigators came to the jail and initiated contact with Terry. Terry’s counsel was neither present nor consented to the questioning in his absence. The social worker testified, “I always have to let people know that they — that there’s an investigative child protective services investigation going on, and I have to let them know that — we have a pamphlet and everything that we have to give them.” The social worker testified that Terry volunteered information about his prior sexual contact with the victim.
In the November term of 1996, the grand jury indicted Terry on one count of object penetration in violation of Code § 18.2-67.2, one count of rape in violation of Code § 18.2-61, one count of forcible sodomy (cunnilingus) in violation of Code § 18.2-67.1, and another count of forcible sodomy (fellatio) in violation of Code § 18.2-67.1. None of the counts corresponded with the charge of carnal knowledge of a minor child in violation of Code § 18.2-63, the subject of the arrest warrant. On April 14, 1997, Terry moved to suppress the statements he made to the social services investigator and the two police detectives. Terry argued that because his counsel had neither been present, nor had consented to the questioning in his absence, any statements he made were in violation of his Sixth Amendment right to counsel.
*195 On April 17, 1997, the trial court held an evidentiary hearing pursuant to Code § 18.2-67.7, the “rape shield statute.” At the hearing, the victim testified that there was no basis for the charges of rape and forcible sodomy. The Commonwealth nolle prossed these three charges and amended the charge of object penetration to read “that the defendant did unlawfully and feloniously know, without force, [the victim], a child 13 years of age, in violation of § 18.2-63 of the Code of Virginia, as amended.” The motion to suppress was never argued nor did the trial court rule on the motion. Terry then pled guilty to a violation of Code § 18.2-63, the count which the Commonwealth had amended.
On June 2, 1997, at the sentencing hearing the Commonwealth called the social worker to testify about her conversation with Terry on September 23, 1996. Terry’s counsel objected to her testimony, arguing that it was irrelevant[1] to the charge to which Terry had pled guilty and that the statements were obtained in violation of Terry’s Sixth Amendment right to counsel. The Commonwealth argued that because the trial court had failed to rule on Terry’s motion to suppress the statements, no evidence had been suppressed. The Commonwealth also argued that “the exclusionary rule does not apply to sentencing proceedings.” The court overruled Terry’s objections and allowed the social worker to testify.
The social worker testified that Terry told her,
[h]e had had sex, including oral sex, with the juvenile that’s involved in this case____ He told me that it had been several times. The oral sex was basically performed on him by her. And this happened a majority of the time when her mom was at work or either she didn’t go to school [sic].
The victim also testified at Terry’s sentencing hearing. She stated that only one sexual encounter took place between Terry and her and that she initiated that incident. She also indicated that Terry was her mother’s boyfriend. When asked *196 if she wanted Terry to live in her home, she replied, “It ain’t [sic] my house. Ask my mama. It’s her house.” The victim’s mother testified that she intended to continue her relationship with Terry.
The Commonwealth argued that the period of three to six months of incarceration suggested by the sentencing guidelines was inadequate to punish this offense. The Commonwealth’s attorney pointed to a conviction of a previous “sexual offense” for which Terry had served twelve months in jail, stating, “he didn’t learn that lesson.” Citing the “serious nature of the offense and chance of future contact upon early release,” the trial judge imposed a sentence of ten years with eight suspended. The court also ordered Terry to complete two years of supervised probation and to have no contact with the victim.
II. EFFECT OF GUILTY PLEA
Terry maintains that the Sixth Amendment right to have his counsel present during interrogation requires that any statements obtained in violation of such right be excluded from his sentencing hearing. Assuming without deciding that a Sixth Amendment violation occurred and that the exclusionary rule applies to sentencing proceedings, we find that Terry waived these claims by his intelligent, voluntary and unconditional guilty plea.
By filing his pretrial motion to suppress the statements, Terry acknowledged his awareness of an alleged violation of his constitutional rights before his guilty plea. He filed his motion pursuant to Code § 19.2-266.2 to have them suppressed; however, he did not obtain a ruling on the motion before entering his guilty plea. Terry could have entered a conditional plea, reserving his claim of alleged violation of his Sixth Amendment right, but he entered an unconditional plea instead. See Code § 19.2-254. Terry does not contend that his plea was involuntary or unintelligently made.
“When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which *197 he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.” Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); see also United States v. Floyd, 108 F.3d 202, 204 (9th Cir.1997) (“[a]n unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects” (citations omitted)); United States v. Coffin, 76 F.3d 494, 497 (2d Cir.1996) (“[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea”); Grabowski v. Jackson County Public Defenders Office, 47 F.3d 1386, 1390 (5th Cir.1995) (“[a] knowing and voluntary plea of guilty waives all preceding nonjurisdictional defects, including Fourth Amendment claims” (citations omitted)).[2] Rather, a defendant may challenge only “the voluntary and intelligent character of the guilty plea....” Tollett, 411 U.S. at 267, 93 S.Ct. 1602. In Allen v. Commonwealth, 27 Va.App. 726, 730-31, 501 S.E.2d 441, 443 (1998) (citations omitted), we said:
A plea of guilt constitutes a “self-supplied conviction.” One who voluntarily and intelligently pleads guilty waives important constitutional rights, including his right to trial by jury, his right against self-incrimination, his right to confront his accusers, his right to demand that the Commonwealth prove its case beyond a reasonable doubt, and his right to object to illegally obtained evidence.
*198 If a violation of Terry’s Sixth Amendment right to counsel did occur, the violation occurred during the interrogation which preceded his guilty plea. See Maine v. Moulton, 474 U.S. 159, 176, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985) (“the State violated [the accused’s] Sixth Amendment right when it arranged to record conversations between [petitioner] and its undercover informant”); see also United States v. Henry, 447 U.S. 264, 274, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) (“[b]y intentionally creating a situation likely to induce ... incriminating statements without the assistance of counsel, the Government violate[d] [the petitioner’s] Sixth Amendment right to counsel”); Bey v. Morton, 124 F.3d 524, 528 (3d Cir.1997) (an accused is denied his right to counsel when state actors “circumvent that right by ‘deliberately eliciting]’ inculpatory statements from him in the absence of counsel, absent a voluntary and knowing waiver”).
Assuming without deciding both that Terry’s Sixth Amendment right to counsel was violated by the interrogation without notice to his lawyer and that the exclusionary rule applies to sentencing proceedings, the statements obtained in violation of Terry’s Sixth Amendment right to counsel would be inadmissible absent a waiver. This case involves the Sixth Amendment right to counsel, not the Fifth Amendment privilege against self-incrimination. In addition, this case involves a guilty plea with an attendant waiver of error, constitutional or otherwise, that preceded the plea. The dissent blurs these important distinctions.
The United States Supreme Court has made it abundantly clear that the violation of the Sixth Amendment right to counsel occurs at the time of the event requiring counsel. Absent a waiver, use of evidence obtained in violation of the right is prohibited.[3] In Moulton, 474 U.S. 159, 106 S.Ct. 477, *199 the Court indicated that “the State violated Moulton’s Sixth Amendment right when it arranged to record conversations between Moulton and its undercover informant.” Id. at 176, 106 S.Ct. 477 In Satterwhite v. Texas, 486 U.S. 249, 255-56, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1987), the Court indicated that “[s]ince Satterwhite’s indictment, arraignment, and appointment of counsel had all occurred before Dr. Grigson examined him in the Bexar County Jail, it is clear that his Sixth Amendment right to counsel had attached at the time [of the examination].” In Estelle v. Smith, 451 U.S. 454, 470-71, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), the Court stated, “[hjere respondent’s Sixth Amendment right to counsel clearly had attached when Dr. Grigson examined him at the Dallas County Jail ... therefore, ... the psychiatric examination on which Dr. Grigson testified at the penalty phase proceeded in violation of respondent’s Sixth Amendment right to the assistance of counsel.” These cases, all of which are relied upon by the dissent, make it abundantly clear that if a violation of the Sixth Amendment occurs, it occurs at the time of the event at which the assistance of counsel was required.
Additionally, the dissent cites Powell v. Texas, 492 U.S. 680, 109 S.Ct. 3146, 106 L.Ed.2d 551 (1989), for the proposition that evidence obtained in violation of an accused’s Sixth Amendment right to counsel is inadmissible in a sentencing proceeding for a charge to which the right to counsel has attached. Curiously, the dissent overlooks a critical aspect of the Powell decision. The Powell Court found that the evidence was inadmissible “[b]ecause the evidence ... was taken in deprivation of petitioner’s right to the assistance of counsel, and because there is no basis for concluding that petitioner waived his Sixth Amendment right____” Id. at 686, 109 S.Ct. 3146 (emphasis added). The precise issue in this case is whether the accused waived his Sixth Amendment right to counsel at the interrogation by entering his guilty plea.
*200 If the alleged Sixth Amendment violation occurs after the entry of the plea, the accused cannot be said to have knowingly and voluntarily waived it. The dissent’s citation of United States v. Attar, 38 F.3d 727 (4th Cir.1994), illustrates this point. In Attar, the accused entered a guilty plea and later moved to withdraw the guilty plea before sentencing. Counsel for Attar moved for leave to withdraw from representation. Attar moved for a continuance to obtain new counsel. The trial court denied the motion to withdraw the plea and granted the motion of counsel for leave to withdraw. The court also denied the motion for a continuance and proceeded with sentencing with counsel serving as “standby counsel,” with whom the accused was permitted to consult. See id. at 729-31. Although the Fourth Circuit affirmed Attar’s conviction on other grounds, the court found that his guilty plea did not waive the claim that his Sixth Amendment right to counsel had been violated at the sentencing proceeding.
The factual distinction between Attar and the case before us is critical to our analysis. In Attar, the alleged violation of a Sixth Amendment right occurred at sentencing, not before the guilty plea. In the case before us, Terry’s alleged violation of the Sixth Amendment right to counsel occurred before the entry of a guilty plea.
In Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), also relied upon by the dissent, the Supreme Court rendered a very narrow holding, stating that a guilty plea will not waive the Fifth Amendment privilege against incrimination at the sentencing hearing. At issue in Mitchell were both the invocation of the Fifth Amendment at sentencing, and the trial court’s use of adverse inferences drawn from the defendant’s silence. The locus of the alleged violation occurred at the sentencing hearing — after the entry of the guilty plea, not before. Mitchell has no application to the case before us because Terry’s alleged violation of his Sixth Amendment right occurred before his guilty plea.
We hold that Terry’s entry of a voluntary, intelligent and unconditional guilty plea waived any claim of antecedent viola *201 tion of his Sixth Amendment rights. The judgment of the trial court is affirmed.

Affirmed.

. The relevance issue is not before us on appeal.

. A guilty plea does not waive claims of constitutional violations that occur after the plea. See e.g. United States v. Jacobson, 15 F.3d 19, 23 (2nd Cir.1994) (defendant who signed an agreement not to appeal a sentence that fell within the guideline ranges did not waive right to appeal unconstitutional use of his immigration status as a basis for sentencing); United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992) (defendant who knowingly and voluntarily pled guilty to felony charges did not waive the right to appeal sentence which departed upward from sentencing range on basis of constitutionally impermissible factor of race).

. Although it is clear that evidence obtained in violation of the accused’s Sixth Amendment rights, absent a waiver, is inadmissible at trial and in bifurcated sentencing proceedings, see Satterwhite v. Texas, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988), it is not clear that the exclusionary remedy is required at a sentencing hearing pursu *199 ant to a guilty plea or a sentencing hearing which reviews a jury's recommendation. We do not decide that issue today.