COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Frank and Humphreys
Argued at Salem, Virginia


TONY MELVIN WITCHER

                                                        OPINION BY
v.        Record No. 0428-05-3          JUDGE RUDOLPH BUMGARDNER, III
                                                    DECEMBER 28, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
B.A. Davis, III, Judge Designate

Gregory T. Casker for appellant.

Rosemary Bourne, Assistant Attorney General (Judith Williams
Jadgmann, Attorney General; Paul C. Galanides, Assistant Attorney
General, on brief), for appellee.


A grand jury indicted Tony Melvin Witcher on a charge of possession of cocaine with

intent to distribute. The cocaine was found in his vehicle during a traffic stop. The defendant

filed a motion to suppress the cocaine seized during the stop. The trial court denied the motion.

After the Commonwealth rested during the jury trial, the defendant tendered a conditional

guilty plea reserving his challenge to the denial of the motion to suppress. The Commonwealth

objected to the entry of a conditional plea and argued its consent was required for acceptance of

a conditional plea, Code § 19.2-254. The defendant and his counsel acknowledged the

Commonwealth's objection and stated they recognized an appeal could be denied for that reason.

The trial judge accepted the conditional guilty plea despite the lack of consent by the

Commonwealth, found the defendant guilty, and imposed sentence.

The defendant filed a petition for appeal arguing his encounter with the officer was not consensual.  In response, the Commonwealth filed a motion to dismiss the appeal because the conditional guilty plea was entered without its consent.

Code § 19.2-254 provides, in part, "With the approval of the court and the consent of the Commonwealth, a defendant may enter a conditional plea of guilty in a felony case, reserving the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion."  The language of the statute is plain and clear.  Volkswagen of America v. Smit, 266 Va. 444, 452, 587 S.E.2d 526, 531 (2003).  The defendant may only enter a conditional plea with the consent of the Commonwealth.  The defendant and his counsel acknowledged the appeal might be dismissed because the plea lacked the Commonwealth's consent.

The defendant invited the trial court to err, and the trial court did err in accepting the plea.  Accordingly, we grant the Commonwealth's motion and dismiss the appeal.

Dismissed.