COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Felton and Haley
Argued at Chesapeake, Virginia


RICHARD BRYANT HILL

|  | | |
|---|---|---|
| | | OPINION BY |
| v. | Record No. 2853-04-1 | JUDGE ROBERT J. HUMPHREYS |
| | | FEBRUARY 21, 2006 |

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

Charles E. Haden (Robert W. Lawrence, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Richard Bryant Hill ("Hill") appeals his conviction for possession of Oxycodone, in

violation of Code § 18.2-250(A).  Hill contends that the trial court erred in denying his motion to

suppress, reasoning that the affidavit underlying a search warrant for his residence was "so

lacking in an indicia of probable cause as to render official belief in its existence entirely

unreasonable."  However, because Hill did not enter a conditional guilty plea pursuant to Code

§ 19.2-254, and because Hill entered a voluntary and intelligent guilty plea, we find that Hill has

waived his right to appeal from the judgment in this case.  Thus, we dismiss the appeal.

I.  BACKGROUND

Hill was indicted for possession of Oxycodone, in violation of Code § 18.2-250.  Hill

filed a pretrial motion to suppress, arguing that the affidavit underlying a search warrant for his

residence was "so lacking in an indicia of probable cause as to render official belief in its

existence entirely unreasonable."  After the trial court denied the motion, Hill entered a guilty

plea.  Specifically, when asked "[h]ow do you plead," Hill responded, "guilty."  The trial judge

told defense counsel to remove the guilty plea form from the podium and to fill it out while he asked Hill several questions relevant to his plea. During this series of questions, the following colloquy occurred between Hill, the court, and Hill's counsel:

> THE COURT: Do you understand that by entering a plea of guilty you may waive your right to appeal the decision of this Court?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Mr. Lawrence, is it your intention to reserve your motion to suppress matters for appellate purposes, or not?
>
> MR. LAWRENCE: We haven't decided at this point. I would say for the record – I would say yes at this moment, Your Honor.

Following entry of the guilty plea, the trial court sentenced Hill to five years imprisonment, but suspended the sentence on condition of good behavior. Hill now appeals.

## II. ANALYSIS

On appeal, Hill contends that the trial court erred in denying his motion to suppress, arguing that the affidavit used to secure the search warrant for his residence was "so lacking in an indicia of probable cause as to render official belief in it existence entirely unreasonable." The Commonwealth, however, argues that we lack jurisdiction to adjudicate the merits of this appeal because Hill entered a guilty plea, thereby waiving his right to appeal the trial court's ruling on the motion to suppress. For the following reasons, we dismiss the appeal.

### A. Hill's Plea Was Not A Conditional Guilty Plea

According to Article 1, Section 8 of the Virginia Constitution, "[i]n criminal cases, the accused may plead guilty." We have interpreted this constitutional provision to mean that the Commonwealth must accept any guilty plea tendered before a jury has rendered its verdict, so long as the plea is entered "knowingly, voluntarily, and intelligently." See Graham v. Commonwealth, 11 Va. App. 133, 139, 397 S.E.2d 270, 273 (1990).

However, although an accused has the constitutional right to enter a guilty plea, an accused does not have a constitutional right to enter a *conditional* guilty plea. Rather, this right—established by Code § 19.2-254—is a statutory one. Specifically, Code § 19.2-254 states, in relevant part:

> With the approval of the court *and the consent of the Commonwealth*, a defendant may enter a conditional plea of guilty in a felony case, reserving the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

(Emphasis added).

According to the "plain-meaning" rule of statutory construction, if a statute is clear on its face, we need not resort to rules of statutory construction, but rather, we must give full effect to the plain meaning of the words chosen by the legislature. See Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Thus, as we recently held, in order to enter a conditional guilty plea, the statute clearly requires approval of the court *and* the Commonwealth's consent. See Witcher v. Commonwealth, 47 Va. App. 273, 623 S.E.2d 432 (2005).

In this case, when asked "[h]ow do you plead," Hill responded, "guilty." Although the trial court asked defense counsel whether he intended "to reserve [his] motion to suppress matters for appellate purposes," neither Hill nor the Commonwealth ever clearly asserted that Hill's guilty plea was conditional in nature. And even if we assume, *arguendo*, that the aforementioned conversation alerted the Commonwealth to Hill's attempt to enter a conditional guilty plea, nowhere in the record is there any indication that the Commonwealth expressly consented to such a plea.

Moreover, although it is true that the Commonwealth may manifest its consent to a conditional guilty plea through "related assurances" to the defendant, this record is completely devoid of such assurances. See Johnson v. Commonwealth, 38 Va. App. 137, 144, 562 S.E.2d

- 3 -

341, 344 (2002) (holding that the Commonwealth manifested its consent "in related assurances to defendant and subsequent hearings and rulings"). Hill argues that the Commonwealth's failure to object or otherwise clarify the plea, along with the Commonwealth's filing of a reply brief addressing the merits of this appeal, are both "related assurances" manifesting its consent to a conditional guilty plea. We disagree.

In Johnson, the parties and the court engaged in an extended discussion—on the record—regarding a potential double jeopardy issue. See id. During that exchange, the prosecutor expressly stipulated that, if the defendant prevailed on appeal with regard to the double jeopardy argument, the Commonwealth was "not going to try somebody twice." Id. Additionally, at the conclusion of the trial proceedings, the court told defense counsel to "take the initiative" and pursue the issue on appeal. Id. Under those circumstances, we concluded that "the sole promise upon which [the] guilty plea was conditioned was [the defendant's] ability to contest the issue of successive prosecutions." Id. (first alteration in original).

Here, in contrast, there is no similar exchange between the trial court, defense counsel, and the Commonwealth regarding the motion to suppress. In fact, there is no dialogue at all on behalf of the Commonwealth. The colloquy regarding the motion to suppress was solely between the court and Hill. Also, unlike in Johnson, there are no assurances by the Commonwealth that, if the Fourth Amendment issue were later resolved in favor of Hill, the Commonwealth would drop the charge. Cf. id. (noting that, while discussing the double jeopardy issue with the court, the prosecutor "stipulated on the record if that's the case, the Commonwealth will be joining in [a] defense motion as we're not going to try somebody twice"). Moreover, the Commonwealth never entered into a written plea agreement with Hill.

Thus, we find that, under the circumstances of this case, the Commonwealth's silence during the exchange between the trial court and defense counsel, even when combined with the

filing of a brief addressing the merits of the appeal, does not constitute "related assurances" of consent to entry of a conditional guilty plea. Therefore, because the Commonwealth did not consent to a conditional guilty plea, either expressly or by "related assurances" to Hill, we find that Hill entered a guilty plea. And because, as discussed below, this plea was both knowing and intelligent, we hold that Hill waived his right to appeal. See Witcher, 47 Va. App. at 275, 623 S.E.2d at 432.

   B. Hill's Guilty Plea Constituted a Knowing and Intelligent Waiver of His Right to Appeal

"'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Terry v. Commonwealth, 30 Va. App. 192, 196-97, 516 S.E.2d 233, 235 (1999) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). In other words, "'[a] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law,'" constituting a "'waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court.'" Savino v. Commonwealth, 239 Va. 534, 539, 391 S.E.2d 276, 278 (1990) (quoting Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969)). Essentially, once a guilty plea has been entered, and a punishment fixed, "there is nothing to appeal." Id.

Thus, because a defendant who enters a guilty plea waives several rights, including his right to appeal, a "plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). Moreover, to withstand scrutiny on appeal, the record must contain an "affirmative showing" that the guilty plea was entered voluntarily and intelligently. Boykin v. Alabama, 395 U.S. 238, 243 (1969) (holding that an appellate court "cannot presume a

waiver of . . . [the defendant's] rights from a silent record"); see also Stokes v. Slayton, 340 F. Supp. 190, 192 (W.D. Va. 1972) (holding that, in order for a guilty plea to withstand constitutional scrutiny, the trial record must affirmatively show that guilty plea was entered freely and intelligently), aff'd, 473 F.2d 906 (4th Cir. 1973); Bridgers v. Commonwealth, 211 Va. 370, 371, 177 S.E.2d 526, 527-28 (1970) (noting that Boykin "established a new rule that the record show on its face that the guilty plea was voluntarily and intelligently made").[1]

Here, even though the allegedly "conditional" guilty plea fails to meet the statutory requirements, we must still address whether, in the context of his "conditional" guilty plea, Hill entered his guilty plea freely, intelligently, and knowingly. For the reasons that follow, we hold that the trial record "affirmatively" shows that Hill's plea was made voluntarily, knowingly, and intelligently. Boykin, 395 U.S. at 242. Accordingly, the guilty plea constituted an effective waiver of Hill's right to appeal the trial court's denial of his motion to suppress.

Before accepting Hill's plea, the trial court asked Hill a series of standard questions regarding his guilty plea. Hill stated he understood that he was waiving many rights, including the right to a trial by jury, the right not to incriminate himself, and the right to confront and cross-examine his accusers. Hill also assured the court that he was entering the plea "freely and voluntarily," that he had discussed it with his attorney, and that he was entering the plea because he was guilty of the crime charged. When asked, Hill stated he understood the questions asked by the court, that he had answered the questions truthfully, and that he had no further questions of the court. He also signed a document acknowledging that the questions were asked, and answered, in open court while under oath. Moreover, while accepting Hill's plea, the Court expressly found that Hill "freely, voluntarily, and intelligently, with advice of competent

---

[1] Pursuant to Rule 3A:8(b)(1), "[a] circuit court shall not accept a guilty plea or nolo contendere to a felony charge without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea."

counsel, entered [his] plea of guilty" and that Hill had "done so knowing the elements of the offense, [and the] consequences of [his] criminal conduct."

There is no evidence in the record to suggest that Hill was unsure about entering his guilty plea. He acknowledged that he had discussed the issue with his counsel and that he understood the consequences of entering the plea. Moreover, Hill declined the opportunity to ask questions regarding his plea. Therefore, based on this record, we find that Hill voluntarily and intelligently entered his guilty plea. See generally Anderson v. Warden of Powhatan Corr. Ctr., 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981) (holding that where, "[d]uring the course of [the trial court's questioning], the accused positively and without equivocation . . . professed the voluntariness of his plea of guilty," the voluntariness of that plea was "considered conclusively established by the trial proceedings"). And, because Hill's guilty plea was both knowing and intelligent, Hill has waived his right to appeal. See Burton v. Peyton, 210 Va. 484, 489, 171 S.E.2d 822, 826 (1970) ("The evidence amply supports a finding that the plea of guilty was made knowingly and intelligently by petitioner, with full knowledge of its effect . . . . From such a plea there is no appeal."); see also Witcher, 47 Va. App. at 275, 623 S.E.2d at 432.

### III. CONCLUSION

Because Hill entered a guilty plea, rather than a conditional guilty plea, and because Hill entered his guilty plea "voluntarily and intelligently," we hold that Hill waived his right to appeal the trial court's ruling on the motion to suppress. Therefore, we dismiss Hill's appeal.

Dismissed.