# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Friday the 23rd day of August, 2019.*

Ellis Lee Trevathan,                                             Appellant,

 against                 Record No. 180803
                                Court of Appeals No. 1671-17-1

Commonwealth of Virginia,                               Appellee.

From the Court of Appeals of Virginia

Upon the petition of Ellis Lee Trevathan ("Trevathan"), an appeal is awarded him from a final order entered by the Court of Appeals of Virginia on May 18, 2018.

Upon further consideration whereof, the Court is of the opinion there is error in the order appealed from.

Trevathan was convicted, pursuant to his guilty pleas, of multiple felonies and misdemeanors. Prior to accepting his pleas, the trial court engaged in a thorough colloquy with Trevathan to ensure he understood the charges against him, the rights he was waiving by pleading guilty and the consequence of his pleas and that he was pleading guilty freely and voluntarily because he was, in fact, guilty. That having been established, the court accepted the pleas and found Trevathan guilty. The court did not make an oral statement finding Trevathan's pleas were knowing, intelligent, and voluntary, but that finding is specifically included on all his felony conviction orders.

The Court of Appeals rejected Trevathan's argument that, because the trial court did not find his pleas were knowing, intelligent, and voluntary, his convictions were void. Further, because the record demonstrates they were, in fact, knowing, intelligent, and voluntary, the Court of Appeals determined Trevathan waived his "right to appeal." Rather than deny the appeal, as it has done both before and since dismissing this case, the Court of Appeals dismissed the appeal, citing *Hill v. Commonwealth*, 47 Va. App. 667, 676 (2006). This was error.

A voluntary and intelligent guilty plea is a "waiver" of all non-jurisdictional defects that occurred before entry of the plea. *Miles v. Sheriff of the Va. Beach City Jail*, 266 Va. 110, 113-14 (2003). "Although the range of potential grounds for appeal following a guilty plea is limited

in Virginia, a defendant who has pled guilty still retains the statutory right to file a notice of appeal and present a petition for appeal to the Court of Appeals of Virginia." *Id.* at 116 (citing Code §§ 17.1-406 and -407). Accordingly, the Court of Appeals erred in determining Trevathan's guilty pleas waived his "right to appeal."

Further, when entry of a guilty plea waives an issue for appeal, the correct disposition is denial, not dismissal. *Cf. Lewis v. Commonwealth*, 267 Va. 302, 316-17 (2004) (affirming convictions and death sentence without dismissing any portion of the appeal where appellant's guilty pleas waived some of the issues raised on appeal); *Walton v. Commonwealth*, 256 Va. 85, 91, 96 (1998) (same); *Beck v. Commonwealth*, 253 Va. 373, 380-81, 388 (1997) (same); *Cobbins v. Commonwealth*, 53 Va. App. 28, 36-37 (2008) (affirming convictions and sentence without dismissing any portion of the appeal where appellant's *Alford* plea of guilty waived appellate review of trial court's denial of continuance motion).

Accordingly, the judgment of the Court of Appeals is reversed and vacated and this case is remanded to the Court of Appeals for further proceedings consistent with this order.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Suffolk.

The Circuit Court of the City of Suffolk shall allow court-appointed counsel the fee set forth below and also counsel's necessary direct out-of-pocket expenses. And it is ordered that the Commonwealth recover of the appellant the costs in this Court and in the courts below.

Costs due the Commonwealth
 by appellant in Supreme
 Court of Virginia:

        Attorney's fee             $400.00 plus costs and expenses

A Copy,

Teste:

Douglas B. Robelen, Clerk

2