Tuesday                2nd

September, 2008.


Eddie Cross,                                                                                    Appellant,

 against          Record No. 2781-04-1
                 Circuit Court Nos. CR04-208 through CR04-210

Commonwealth of Virginia,                                                          Appellee.


Upon Remand from the Supreme Court of Virginia

Before Judges Frank, Petty and Senior Judge Willis


A panel of this Court, relying on Moore v. Commonwealth, 272 Va. 717, 636 S.E.2d 395 (2006),

rev'd, Virginia v. Moore, 128 S. Ct. 1598 (2008), held that the trial court erred by denying appellant's

motion to suppress. See Cross v. Commonwealth, 49 Va. App. 484, 642 S.E.2d 763 (2007). We

therefore reversed appellant's conviction for possession of cocaine in violation of Code § 18.2-250. Id.

The Virginia Supreme Court awarded an appeal from this decision, and, by order entered June 6, 2008,

remanded the case to this Court for reconsideration in light of the holding of the United States Supreme

Court in Moore, 128 S. Ct. at 1608.

Upon reconsideration, we vacate our prior holding on this issue. For the reasons stated in

Moore, 128 S. Ct. at 1608, we now hold that the trial court did not err by denying appellant's motion to

suppress. Therefore, we affirm his conviction for possession of cocaine. Accordingly, that part of the

Court's opinion with regard to that conviction is withdrawn and that part of the mandate with regard

thereto is vacated. We reaffirm our prior decision regarding the charge of obstruction of justice in

violation of Code § 18.2-460. Cross, 49 Va. App. at 491, 642 S.E.2d at 766.

This order shall be published and certified to the clerk of the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


EDDIE CROSS
                                                            OPINION BY
v.        Record No. 2781-04-1                      JUDGE WILLIAM G. PETTY
                                                            APRIL 3, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Alice T. Armstrong, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on briefs), for appellee.


Appellant Eddie Cross appeals his convictions for possession of cocaine, in violation of

Code § 18.2-250(A), and obstruction of justice, in violation of Code § 18.2-460.[1]  On appeal, he

argues the trial court erred when it (1) denied his motion to suppress, reasoning that his arrest

pursuant to Code § 19.2-74(A)(1) was unlawful and rendered any subsequent search incident to

his arrest unlawful; and (2) convicted him of obstructing justice for resisting an unlawful arrest.

Based on the Commonwealth's concession that Moore v. Commonwealth, 272 Va. 717,

636 S.E.2d 395 (2006), controls the disposition of the first issue, we reverse the conviction for

possession of cocaine.  Further, because we hold that Cross did not enter a voluntary and

intelligent guilty plea to the obstruction of justice charge, we also reverse that conviction.

---

[1] In addition, Cross was convicted of driving on a suspended license; however, that
conviction is not before us on appeal.

# I. BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

The evidence establishes that City of Franklin Police Officers Delgado and Harvey stopped a car for several traffic infractions. When Officer Delgado ran Cross' driver's license through dispatch to determine its status, he learned that Cross' license was suspended.

Based on this information, Officer Delgado advised Cross that he was going to arrest him for driving on a suspended license and asked that Cross get out of his car. As Cross was stepping out of his car, however, he immediately began to resist and refused to place his hands on the car. Instead, he struggled with the officers and ran. The officers pursued him and were finally able to apprehend and handcuff him. During a subsequent search, incident to the arrest, Officer Delgado discovered a cleaning tool in Cross' back pocket. The cleaning tool tested positive for cocaine.

Cross was charged with the misdemeanor offense of obstruction of justice, in violation of Code § 18.2-460, and with the felony offense of possession of cocaine, in violation of Code § 18.2-250. He subsequently filed a motion to suppress pursuant to Code § 19.2-266.2.

As grounds for the suppression of evidence, Cross asserted that he was subjected to an "illegal arrest and an unlawful search leading to the charges of obstruction of justice and possession of cocaine." At the hearing on the motion, Cross argued that because he was originally arrested for driving while his license was suspended, a misdemeanor, Code § 19.2-74 required the officer to

issue a summons rather than make a custodial arrest; therefore, any subsequent search was unlawful.

Specifically, Cross argued:

> we are asking the Court to suppress the evidence, both that it is an illegal arrest and, therefore, the search incident to the arrest should fall, but also the obstruction of justice charge, because obviously, if it's not a legal arrest, he does have the right to resist that arrest. And so, Your Honor, we would move the Court to suppress the evidence.

Following the hearing, the trial court denied the motion to suppress. Thereafter, Cross entered a "conditional plea of guilty" to possession of cocaine and obstruction of justice. Prior to accepting Cross' pleas, the trial court posed a number of standard questions to Cross. Further, the trial court advised Cross in the following manner about his limited right to appeal the denial of the motion to suppress:

THE COURT: And are you entering these pleas of guilty because you are, in fact, guilty of these offenses?

MR. WATKINS[2]: Your Honor, I think the only problem he may be having is that he does feel that he had a constitutional right, especially on the misdemeanors, to resist and to resist the search. With the evidence that the Court has ruled is admissible, though, I think he would agree that he is guilty under the charges.

THE COURT: I understand you're entering a conditional plea, I take it to preserve your right of appeal on the issue of suppression, is that right, sir?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \* \*

THE COURT: And do you understand that by pleading guilty you may be waiving your right to appeal the decision of this Court? I

---

[2] Thomas L. Watkins was the court-appointed attorney representing Cross at the trial court proceedings.

> understand you're entering a conditional guilty plea to preserve your right to appeal the suppression motion, but that for other purposes you may be waiving any rights of appeal; do you understand that?

THE DEFENDANT: Yes, sir.

The Commonwealth's attorney did not object to the entry of a conditional guilty plea to any of the charges.[3] The trial court determined that Cross understood the nature of the charges against him and that he "freely and voluntarily entered his conditional pleas of guilty" to the charged offenses.

## II.  ANALYSIS

### A.  Possession of Cocaine

Cross argues that the trial court erred by denying his motion to suppress. Based upon Code § 19.2-74(A)(1),[4] Cross reasons that law enforcement could only issue a summons for his appearance after witnessing him commit alleged traffic violations and that the officers were

---

[3] Because of our decision, we need not address whether Code § 19.2-254 requires that the record contain some form of express consent of the Commonwealth when a defendant enters a conditional guilty plea.

[4]     A. 1.  Whenever any person is detained by or is in the custody of an arresting officer for any violation committed in such officer's presence which offense is a violation . . . of any provision of this Code punishable as a Class 1 or Class 2 misdemeanor or any other misdemeanor for which he may receive a jail sentence, except as otherwise provided in Title 46.2, or § 18.2-266, or an arrest on a warrant charging an offense for which a summons may be issued, and when specifically authorized by the judicial officer issuing the warrant, the arresting officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice. Upon the giving by such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody. However, if any such person shall fail or refuse to discontinue the unlawful act, the officer may proceed according to the provisions of § 19.2-82.

- 4 -

precluded from making a custodial arrest. After the parties submitted their briefs in the instant appeal, our Supreme Court decided Moore, 272 Va. at 717, 636 S.E.2d at 395. Thereafter, we requested that both parties submit additional briefs addressing the impact of that decision on this appeal. On brief and at oral argument, the Commonwealth conceded that Moore is the controlling authority on this issue, and offered no legal argument to distinguish Moore from the present case. The Commonwealth further conceded that unless the United States Supreme Court reverses Moore on certiorari review, the Commonwealth would be required to confess error on this issue. Based on these concessions, we hold that the trial court erred in its refusal to suppress the evidence located as a result of the search incident to the arrest. We therefore reverse the judgment for possession of cocaine.

### B. Obstruction of Justice

Cross also argues that we should dismiss the obstruction of justice charge, reasoning that if his initial arrest for driving on a suspended license was unlawful, then he had a right to use reasonable force to resist the unlawful arrest.[5] He further asserts that he presented this argument to the trial court as part of his motion to suppress and properly preserved it for appeal as part of his conditional guilty plea. The Commonwealth argues that Code § 19.2-254 does not permit a conditional guilty plea to a misdemeanor. For the reasons set forth below, we agree with the Commonwealth and hold that Cross did not preserve his right to appeal the trial court's denial of his motion to suppress because Code § 19.2-254 does not permit a conditional guilty plea to a misdemeanor.

---

[5] On appeal, the Commonwealth also asserts that this claim is an affirmative defense contesting the legal sufficiency of the evidence to convict. As such, the Commonwealth contends, it is not one that can be raised in a pretrial motion and is thus not a claim that can be preserved for appeal by a conditional guilty plea. Because we reverse on other grounds, we need not address this issue.

1. Code § 19.2-254 Does Not Permit a Conditional Guilty Plea to a Misdemeanor[6]

A defendant has a right under the Virginia Constitution to enter a plea of guilty. This right is provided by Article 1, Section 8 of the Virginia Constitution, which provides in pertinent part: "[i]n criminal cases, the accused may plead guilty." In interpreting this constitutional provision allowing a defendant the right to plead guilty in criminal cases, we have emphasized that a defendant must enter a guilty plea "knowingly, voluntarily, and intelligently" and before the jury returns a verdict. Hill v. Commonwealth, 47 Va. App. 667, 671, 626 S.E.2d 459, 461 (2006) (citing Graham v. Commonwealth, 11 Va. App. 133, 139, 397 S.E.2d 270, 273 (1990)).

Generally, by entering a plea of guilty, an accused waives the right to appeal. See, e.g., Clauson v. Commonwealth, 29 Va. App. 282, 292, 511 S.E.2d 449, 454 (1999). It is well settled that a voluntary and intelligent guilty plea by an accused is "'a waiver of all defenses other than those jurisdictional . . . . Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.'" Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (quoting Savino v. Commonwealth, 239 Va. 534, 539, 391 S.E.2d 276, 278 (1990)), aff'd on reh'g en banc, 14 Va. App. 58, 414 S.E.2d 440 (1992).

Code § 19.2-254 creates an exception to the general rule and allows the accused, in specifically enumerated circumstances, the right to enter a plea of guilty while preserving his right to appeal specific issues. However, as we recently explained in Hill, "although an accused has the constitutional right to enter a guilty plea, an accused does not have a constitutional right

---

[6] We recognize that in the past we have decided cases involving a conditional guilty plea to a misdemeanor. See, e.g., Shiflett v. Commonwealth, 47 Va. App. 141, 622 S.E.2d 758 (2005) (involving conditional guilty plea to the misdemeanor charge of driving after having been adjudicated an habitual offender). The precise issue of whether Code § 19.2-254 permits a conditional guilty plea to a misdemeanor, however, was never raised nor addressed in those cases.

to enter a *conditional* guilty plea.  Rather, this right — established by Code § 19.2-254 — is a

statutory one." Hill, 47 Va. App. at 671, 626 S.E.2d at 461 (emphasis in original).  A

defendant's right to enter a conditional guilty plea, therefore, is constrained by the language of

the statute.

Because the issue before us is a question of law involving the construction of Code

§ 19.2-254, we review the trial court's determination *de novo.*  See Ainslie v. Inman, 265 Va.

347, 352, 577 S.E.2d 246, 248 (2003).

Code § 19.2-254 provides, in pertinent part:

> With the approval of the court and the consent of the
> Commonwealth, a defendant may enter a conditional plea of guilty
> *in a felony case*, reserving the right, on appeal from the judgment,
> to a review of the adverse determination of any specified pretrial
> motion.  If the defendant prevails on appeal, he shall be allowed to
> withdraw his plea.

(Emphasis added).

In interpreting Code § 19.2-254, we apply the well-established principle that "words in a

statute are to be construed according to their ordinary meaning, given the context in which they

are used."  Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982).  We also

heed the fundamental principle of statutory construction *expressio unius est exclusio alterius*, or

"'where a statute speaks in specific terms, an implication arises that omitted terms were not

intended to be included within the scope of the statute.'"  Conkling v. Commonwealth, 45

Va. App. 518, 522, 612 S.E.2d 235, 237 (2005) (quoting Commonwealth v. Brown, 259 Va. 697,

704-05, 529 S.E.2d 96, 100 (2000)).

Here, the statute makes specific provision for the entry of conditional guilty pleas in

felony cases.  Noticeably absent from Code § 19.2-254, however, is a provision specifying that a

defendant may enter a conditional guilty plea in a misdemeanor case.  This omission in Code

§ 19.2-254 leads us to conclude that the General Assembly did not intend to provide defendants

with the ability to enter conditional guilty pleas in misdemeanor cases. To hold otherwise would impermissibly expand the scope of Code § 19.2-254 beyond its plain meaning. Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 386-87, 404 S.E.2d 388, 391 (1991) ("Where the intent is clear from a plain reading of . . . the [statute], we must adhere to the pronouncement of our legislature.").

Consequently, Code § 19.2-254 did not permit Cross to enter a conditional guilty plea to the misdemeanor offense of obstruction of justice.

### 2. Commonwealth May Assert Issue on Appeal

Cross contends that even if Code § 19.2-254 does not apply to misdemeanors, the Commonwealth should be barred from raising that issue on appeal. Cross reasons that the plea was entered in the presence of the Commonwealth's attorney, who did not protest or otherwise comment on the entry of the plea. Thus, Cross concludes, the Commonwealth consented to and acquiesced in the conditional guilty plea, and cannot now assume an inconsistent position on appeal. See Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988).

In response, the Attorney General argues that, on these facts, it may "repud[iate] the earlier position erroneously taken by the Commonwealth's Attorney . . . ." In re: Department of Corrections, 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981). For the reasons stated below, we agree with the Attorney General.

Even though the Commonwealth's attorney did not raise this issue at trial, "'Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal where the issue is not offered to support reversal of a trial court ruling.'" Harris v. Commonwealth, 39 Va. App. 670, 675, 576 S.E.2d 228, 231 (2003) (*en banc*) (quoting Driscoll v. Commonwealth, 14 Va. App. 449, 451, 417 S.E.2d 312, 313 (1992)). Therefore,

> an appellee may argue for the first time on appeal any legal ground
> in support of a judgment so long as it does not require new factual

> determinations or involve an affirmative defense that must be asserted in the pleadings or serve as a subterfuge for a constitutionally prohibited cross-appeal in a criminal case.

Blackman v. Commonwealth, 45 Va. App. 633, 642, 613 S.E.2d 460, 465 (2005) (internal quotation marks and citations omitted). Moreover, although "'[a] party can concede the facts,'" a party "'cannot concede the law.'" Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (quoting Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990)). Thus, while the Commonwealth's attorney was silent when the plea was entered, that silence constituted no more than a mere acquiescence to the conditional guilty plea. In such an instance, the Commonwealth may not "be estopped from changing its position." Department of Corrections, 222 Va. at 465, 281 S.E.2d at 863. Accordingly, we hold that the Commonwealth is not barred by Rule 5A:18 from raising this issue on appeal.

### 3. Voluntariness of the Guilty Plea

Because Code § 19.2-254 does not permit a conditional guilty plea to a misdemeanor, Cross' guilty plea to the obstruction offense would generally constitute a "'waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court.'" Savino, 239 Va. at 539, 391 S.E.2d at 278 (quoting Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969)). That, however, does not end our analysis. Where, as here, "the allegedly 'conditional' guilty plea fails to meet the statutory requirements, we must still address whether, in the context of his 'conditional' guilty plea, [Cross] entered his guilty plea freely, intelligently, and knowingly." Hill, 47 Va. App. at 674, 626 S.E.2d at 463. As discussed below, we hold that the entry of his guilty plea was neither knowing nor intelligent; therefore, we reverse. Graham, 11 Va. App. at 139, 397 S.E.2d at 273.

When a defendant enters a guilty plea, he waives several rights, including the right to a jury trial and the right to confront witnesses. Id. "Waivers of constitutional rights not only must

be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Similarly, "to withstand scrutiny on appeal, the record must contain an 'affirmative showing' that the guilty plea was entered voluntarily and intelligently." Hill, 47 Va. App. at 674, 626 S.E.2d at 463 (citing Boykin v. Alabama, 395 U.S. 238 (1969)).

Here, the record fails to demonstrate that Cross' guilty plea was made voluntarily, knowingly, and intelligently. See Boykin, 395 U.S. at 242. Although Cross assured the trial court that he was entering his guilty plea freely and voluntarily, without any pressure or promises to enter the plea, he specifically informed the trial court that he wished to preserve his right to appeal the denial of his motion to suppress as it related to the obstruction charge. Cross entered his guilty plea based upon the understanding that he could appeal that issue. Several times during the plea colloquy, the trial court clarified that the plea was a conditional guilty plea and confirmed that Cross was entering a conditional guilty plea to preserve the issues raised in his motion to suppress. Moreover, the trial court never advised Cross that a conditional guilty plea was not permitted in the case of a misdemeanor. Unlike Hill, where the defendant entered a plea of "guilty" and never "clearly asserted that [the] guilty plea was conditional in nature," Hill, 47 Va. App. at 672-73, 626 S.E.2d at 462-63, here all parties were acting under the mistaken assumption that Cross was entering a valid conditional guilty plea to the misdemeanor as well as to the felony.

Based on the record before us, we determine that Cross did not knowingly and intelligently enter a constitutionally valid plea of guilty. Id. at 674, 626 S.E.2d at 463 (citing Boykin, 395 U.S. 238).

## III. CONCLUSION

Accordingly, on the felony charge of possession of cocaine, we reverse the trial court's denial of Cross' motion to suppress the evidence seized and we remand that charge to the trial court with instructions to allow Cross to withdraw his guilty plea pursuant to Code § 19.2-254. Because Cross did not enter a constitutionally valid guilty plea to the misdemeanor obstruction of justice charge, we reverse that conviction, vacate his guilty plea, and remand for a new trial.

<u>Reversed and remanded.</u>