UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Huff
Argued at Salem, Virginia

TRAMAINE JEROME RICHARDSON

MEMORANDUM OPINION[*] BY
v.      Record No. 0946-13-3        JUDGE GLEN A. HUFF
                                    MARCH 18, 2014
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Gregory T. Casker for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Tramaine Jerome Richardson ("appellant") appeals his convictions of possession of

cocaine with intent to distribute, in violation of Code § 18.2-248, and possession of marijuana, in

violation of Code § 18.2-250.1.[1]  Following a bench trial in the Circuit Court of Pittsylvania

County ("trial court"), appellant was sentenced to ten years in the Virginia Department of

Corrections with nine years suspended for the possession of cocaine conviction, and six months

in jail with six months suspended for the possession of marijuana conviction.  On appeal,

appellant argues that the trial court erred in denying appellant's motion to suppress physical

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant entered conditional guilty pleas to both counts.  "Code § 19.2-254 . . . allows
the accused, in specifically enumerated circumstances, the right to enter a plea of guilty while
preserving his right to appeal specific issues."  Cross v. Commonwealth, 49 Va. App. 484, 492,
642 S.E.2d 763, 767 (2007), aff'd in part, vacat'd in part, 2008 Va. App. LEXIS 581, 665 S.E.2d
861 (2008).  "Noticeably absent from Code § 19.2-254, however, is a provision specifying that a
defendant may enter a conditional guilty plea in a misdemeanor case."  Id. at 493, 642 S.E.2d at
767.  Accordingly, this Court does not have authority to consider the appeal from appellant's
conviction for possession of marijuana, a misdemeanor, in violation of Code § 18.2-250.1.
Therefore, that appeal is dismissed.

evidence found on appellant because there was no reasonable, articulable suspicion that appellant was involved in, or had recently been involved in, criminal activity. For the following reasons, this Court affirms the judgment of the trial court as to the felony conviction and dismisses the appeal of the misdemeanor conviction.

## I. BACKGROUND

"On appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it." Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d 761, 764 (2002) (citing Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)). "On appeal, we consider the entire record in determining whether the trial court properly denied appellant's motion to suppress." Patterson v. Commonwealth, 17 Va. App. 644, 648, 440 S.E.2d 412, 415 (1994) (citing DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987)). So viewed, the evidence is as follows.

On February 24, 2012, Investigator Scott Wyatt ("Wyatt") of the Pittsylvania County Sheriff's Office was operating his unmarked motor vehicle on a two-lane highway in Pittsylvania County. Wyatt was travelling approximately 40 miles per hour when he passed appellant, who was driving a black Mitsubishi vehicle. Wyatt testified that before seeing appellant's vehicle, he was on the lookout for a Black Mitsubishi after receiving information over the radio. As the vehicles passed each other, Wyatt observed an air freshener hanging from appellant's rearview mirror. The air freshener was "pine tree shaped" and was "three inches long [and] three inches wide at the bottom . . . ."

Believing that the air freshener could be in violation of Virginia's "obstruction of view" statute, Wyatt initiated a traffic stop of appellant's vehicle. Then, as Wyatt approached the vehicle, he smelled a strong odor of burnt marijuana coming from appellant. Consequently,

Wyatt searched appellant's person, and a bag of cocaine fell from appellant's pants leg. Appellant later admitted that he intended to sell the cocaine.

Appellant moved to suppress the marijuana and cocaine from being entered into evidence, arguing that Wyatt did not have reasonable, articulable suspicion to initiate the traffic stop. At the hearing, Wyatt testified that he stopped appellant's vehicle because he believed that the air freshener was in violation of Virginia's "obstruction of view" statute. Conversely, appellant and his mother testified that there was not an air freshener hanging from the rearview mirror. At the end of the hearing, the trial court took appellant's motion under advisement.

Subsequently, the trial court granted a motion by the Commonwealth to reopen the evidence over appellant's objection,[2] and the Commonwealth admitted a photograph of appellant's vehicle that showed a tree-shaped air freshener hanging from the rearview mirror. The photograph had been taken shortly after the traffic stop. Thereafter, the trial court denied appellant's motion to suppress and accepted appellant's conditional pleas of guilty to both the possession of cocaine with the intent to distribute and possession of marijuana charges. This appeal followed.

## II. STANDARD OF REVIEW

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is on the defendant to show that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error." McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are

---

[2] In appellant's petition for appeal, he also assigned error to the trial court's decision to grant the Commonwealth's motion to reopen the evidence, but an appeal was not awarded on that assignment of error.

reviewed *de novo* on appeal." McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). In making such a determination, we are "bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261 (quoting Ornelas, 517 U.S. at 699).

### III.  ANALYSIS

On appeal, appellant contends that the trial court erred by denying his motion to suppress. Specifically, he argues Wyatt lacked a reasonable, articulable suspicion of criminal activity to justify the traffic stop. The Commonwealth responds by arguing that the traffic stop was justified because Wyatt had a reasonable, articulable suspicion that the air freshener hanging from appellant's rearview mirror violated Code § 46.2-1054.

"'[W]hen the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes, even though the function of the stop is limited and the detention brief.'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (quoting Zimmerman v. Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)). Therefore, "[i]n order to justify an investigatory stop of a vehicle, [an] officer must have some reasonable, articulable suspicion that the vehicle or its occupants are involved in, or have recently been involved in, some form of criminal activity." Id. (citing Murphy v. Commonwealth, 9 Va. App. 139, 143-44, 384 S.E.2d 125, 127 (1989)). Nevertheless, the "level of suspicion required [for an investigatory stop] is less demanding than the standard for probable cause." Quigley v. Commonwealth, 14 Va. App. 28, 33, 414 S.E.2d 851, 854 (1992) (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)).

When considering whether reasonable, articulable suspicion exists to justify an investigatory stop, courts must consider "the totality of the circumstances – the whole picture." Murphy, 9 Va. App. at 144, 384 S.E.2d at 128 (quoting Sokolow, 490 U.S. at 8). Indeed, "[e]ach instance of police conduct must be adjudged for reasonableness in light of the particular circumstances." Castaneda v. Commonwealth, 7 Va. App. 574, 580, 376 S.E.2d 82, 85 (1989) (*en banc*) (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)). Moreover,

> courts must apply objective standards in determining whether the requisite degree of suspicion exists, taking into account that trained police officers may be "able to perceive and articulate meaning to given conduct which would be wholly innocent to the untrained observer," [and] [a]ttention must be focused on objective reasonableness rather than on the police officer's subjective intent.

Iglesias v. Commonwealth, 7 Va. App. 93, 101, 372 S.E.2d 170, 174-75 (1988) (quoting United States v. Gooding, 695 F.2d 78, 82 (4th Cir. 1982)); see also Limonja v. Commonwealth, 8 Va. App. 532, 537-38, 383 S.E.2d 476, 480 (1989) (*en banc*) ("Police actions are to be tested 'under a standard of objective reasonableness without regard to the underlying intent or motivation of the officers involved.'" (quoting Scott v. United States, 436 U.S. 128, 138 (1978))).

In the present case, Wyatt had been alerted to watch for a vehicle matching the description of the vehicle driven by appellant, and Wyatt observed that the vehicle may have been operating in violation of Code § 46.2-1054, which provides, in pertinent part, that

> [i]t shall be unlawful for any person to drive a motor vehicle on a highway in the Commonwealth with any object or objects, other than a rear view mirror, sun visor, or other [approved] equipment . . . suspended from any part of the motor vehicle in such a manner as to obstruct the driver's clear view of the highway through the windshield . . . .

Considering the totality of the circumstances, Wyatt's attention was called to the subject vehicle based on the radio dispatch and on the potential obstruction to the driver's clear view.

These factors satisfied the legal requirement of a reasonable, articulable suspicion justifying the stop. The air freshener was large enough that Wyatt was able to see it from his own vehicle as he passed appellant on a two-lane road. This is true even though the record indicates that Wyatt was only able to observe appellant's vehicle for a second or two. Accordingly, this Court finds that the evidence in the present case, when viewed in its totality, provided Wyatt with reasonable suspicion sufficient to briefly detain appellant and investigate the suspected violation of Code § 46.2-1054.[3] See Hoye v. Commonwealth, 18 Va. App. 132, 134, 442 S.E.2d 404, 406 (1994) (A police officer has the authority to detain a vehicle upon his reasonable and objective belief, derived under the particular circumstances, that the vehicle is being operated in violation of the law.).

This ruling is consistent with this Court's unpublished opinion in Commonwealth v. Bryant, No. 0076-04-01, 2004 Va. App. LEXIS 283, at *5 (June 15, 2004), which was cited in the Commonwealth's brief. In that case, this Court reversed a circuit court's decision granting a motion to suppress where an officer stopped a vehicle based on his observation of a three and one half inches long dragon-shaped air freshener hanging from the rearview mirror. Id. This Court held that the observation of this air freshener provided a reasonable and articulable suspicion that the driver's clear view through the windshield was obstructed. Id. Although not binding upon this Court, we note that similar rulings have been made in a number of other jurisdictions. See United States v. Ramos-Caraballo, 375 F.3d 797, 801 (8th Cir. 2004) (observation of tree-shaped air freshener hanging from a rearview mirror established probable cause to stop because the plain language of the statute provided that any obstruction, not only a

---

[3] To the extent that appellant argues the air freshener hanging from his mirror served only as a pretext to stop the vehicle, this Court notes that an officer's subjective intent in making a traffic stop is irrelevant in determining a Fourth Amendment violation. See Limonja, 8 Va. App. at 537-38, 383 S.E.2d at 480 ("Police actions are to be tested 'under a standard of objective reasonableness without regard to the underlying intent or motivation of the officers involved.'").

significant obstruction, was subject to regulation through the statute); <u>see also</u> <u>People v. Colbert</u>, 157 Cal. App. 4th 1068, 68 Cal. Rptr. 3d 912 (2007) (observation of a tree-shaped air freshener hanging from a rearview mirror provided reasonable and articulable suspicion that a driver's view was obstructed or reduced); <u>United States v. Champion</u>, 2013 U.S. Dist. LEXIS 149692 (E.D. Va. Oct. 17, 2013); <u>Cooper v. Worsham</u>, 2008 U.S. Dist. LEXIS 41191 (W.D. Va. May 22, 2008).

## IV.  CONCLUSION

For the foregoing reasons, this Court affirms the trial court's decision to deny appellant's motion to suppress because the evidence established a reasonable, articulable suspicion that appellant was operating his vehicle in violation of Code § 46.2-1054.  Appellant's attempted appeal of his misdemeanor conviction, however, is dismissed because the statute allowing an appeal upon entry of a conditional guilty plea does not extend to misdemeanor convictions.

<u>Affirmed in part, dismissed in part.</u>