COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Huff
Argued at Salem, Virginia

UNPUBLISHED

TRACI LYNN GUNNELL

MEMORANDUM OPINION[*] BY
v.      Record No. 0475-13-3      JUDGE RANDOLPH A. BEALES
MARCH 18, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Heath L. Sabin, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


After the trial court denied Traci Lynn Gunnell's (appellant) motion to suppress evidence

found during a search incident to arrest, appellant's trial counsel informed the trial court that

appellant wished to enter a conditional guilty plea. This conditional guilty plea encompassed two

felony charges (for possession of cocaine and possession of methadone) and two misdemeanor

charges (for possession of a Schedule IV controlled substance and driving under the influence, first

offense). On appeal, appellant argues that the trial court erred in denying her motion to suppress the

evidence on the ground that the police officer lacked probable cause to arrest her for driving under

the influence. Appellant also contends for the first time on appeal that the trial court erred when it

accepted her conditional guilty pleas to the two misdemeanor charges. Appellant contends that the

guilty pleas for the misdemeanor charges were not entered knowingly, voluntarily, or intelligently

since appellant "entered the conditional [pleas] expressly to preserve issues raised in the motion to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

suppress." For the following reasons, we affirm both of appellant's felony convictions and dismiss with prejudice appellant's appeal of both of her misdemeanor convictions.

## I. BACKGROUND

Applying the established standard of review on appeal, we consider the evidence at trial "'in the light most favorable to the Commonwealth, as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)). On August 24, 2012, just before midnight, Officer Lancaster of the Danville Police Department, observed a vehicle with non-illuminated taillights. After initiating and effecting a stop of the vehicle – which appellant was driving – Officer Lancaster approached appellant and, after noticing that the headlights were also not illuminated, told her that he had stopped her because her headlights were not illuminated. A video that was admitted at the suppression hearing shows appellant attempting to make a phone call on her cell phone as Officer Lancaster approached her vehicle and attempted to initiate a conversation with her.

After detecting an odor of alcohol coming from the vehicle, Officer Lancaster asked appellant if she had been drinking alcohol. Appellant admitted to drinking some alcohol – specifically, a mixed drink with dinner around 7:30 or 8:30 p.m. – at which point Officer Lancaster asked her to step out of the vehicle. Officer Lancaster testified that during the encounter, appellant was "very talkative . . . also she had a strong odor of alcohol coming from her person as well as watery and glassy eyes, she was very talkative, she was very upset . . . speech was slurred."

Officer Lancaster proceeded to ask appellant to perform three field sobriety tests: (1) the alphabet test (a recitation of the alphabet without singing it), (2) the index finger to nose test, and (3) the nine-step heel-to-toe walk. Appellant performed the alphabet test correctly. Appellant failed to perform the index finger to nose test correctly, however, as she used her middle finger instead of

her index finger and did not close her eyes as Officer Lancaster had instructed her to do. On the nine-step heel-to-toe walk, appellant walked nine steps out, without stumbling, but did not walk nine steps back as instructed. Appellant blew (or claimed to blow) three times into a device designed to detect a person's blood alcohol content, but the device was unable to register a reading of any kind. After appellant's repeated attempts to blow into the device, Officer Lancaster arrested her.

During the search incident to arrest, Officer Lancaster found a pink straw in appellant's shorts pocket. It was later determined that the straw contained cocaine residue. In the same pocket, Officer Lancaster found four yellow pills in a clear bag. It was later determined that those pills were diazepam, which is a Schedule IV controlled substance. After conducting an inventory search of appellant's car, Officer Lancaster found a brown pocketbook on the right front floor of the car. At the jail, appellant claimed the pocketbook as her own. The pocketbook contained a white pill that turned out to be methadone, a Schedule II controlled substance. Finally, the breath analysis performed at the police station revealed that appellant had a blood alcohol content of 0.15.

In denying appellant's motion to suppress the evidence, the trial court noted that appellant's speech seemed slurred in the beginning of the encounter, that she failed to follow the officer's instructions on the finger-to-nose test and on the heel-to-toe test, that she fumbled with her phone, and that Officer Lancaster discerned an odor of alcohol. After the trial court's ruling on the motion to suppress, appellant's counsel informed the trial court that appellant wished to enter a conditional guilty plea to the possession of cocaine charge, the possession of methadone charge, the possession of a Schedule IV controlled substance charge, and the DWI (first offense) charge. Appellant entered conditional guilty pleas to those charges, and the trial court accepted them as knowing and voluntary.

## II. ANALYSIS

### A. Motion to Suppress the Evidence

Appellant's first assignment of error challenges the trial court's decision to deny her motion to suppress the evidence recovered after her arrest. "When reviewing a denial of a motion to suppress evidence, an appellate court considers the evidence in the light most favorable to the Commonwealth and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence." Branham v. Commonwealth, 283 Va. 273, 279, 720 S.E.2d 74, 77 (2012) (citing Sidney v. Commonwealth, 280 Va. 517, 520, 702 S.E.2d 124, 126 (2010)). In addition, "The defendant has the burden of showing that even when the evidence is reviewed in that light, denying the motion to suppress was reversible error." Id. (citing Sidney, 280 Va. at 522, 702 S.E.2d at 127). "We review de novo the trial court's application of the law to the particular facts of the case." Id. (citing Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008)). The trial court's findings of fact are not disturbed unless plainly wrong. See Code § 8.01-680.

Code § 18.2-266 provides, in relevant part, "It shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol." Viewing the evidence in the light most favorable to the Commonwealth (as we must since it was the prevailing party at the suppression hearing), the evidence shows that the trial court did not err when it denied appellant's motion to suppress the evidence on the ground that Officer Lancaster had probable cause to arrest appellant for driving under the influence in violation of Code § 18.2-266. "'[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'" McGhee v. Commonwealth, 280 Va. 620, 624, 701 S.E.2d 58, 60 (2010) (quoting Jones v. Commonwealth, 279 Va. 52, 59, 688 S.E.2d 269, 273 (2010)). Here, the facts and circumstances in the record suggest that a finder of fact reasonably

could have found that Officer Lancaster had probable cause to arrest appellant for driving under the influence.

First, appellant's speech was slurred in the beginning of the encounter with Officer Lancaster. In addition, appellant fumbled with her phone – and attempted to use her phone – as Officer Lancaster was attempting to initiate a conversation with her. Third, appellant was unable to successfully follow directions during two of the three field sobriety tests. Fourth, Officer Lancaster testified that he discerned an odor of alcohol coming from appellant's person. Fifth, appellant did admit to Officer Lancaster that she had consumed some alcohol. Finally, as the trial court pointed out, appellant was operating a vehicle at night with non-illuminated taillights and non-illuminated headlights. Thus, all of these circumstances, taken together, were "'sufficient to warrant a person of reasonable caution to believe that an offense . . . [was] being committed.'" Id. As Officer Lancaster had probable cause that appellant had been driving under the influence, he was justified in arresting her for that offense. He was therefore justified in conducting a search incident to arrest, which yielded, among other things, cocaine and methadone. For these reasons, we affirm appellant's two felony convictions for possession of cocaine and for possession of methadone – both in violation of Code § 18.2-250.

### B. Conditional Guilty Pleas

In her second assignment of error, appellant argues that the trial court erred in permitting her to enter conditional guilty pleas to her possession of a Schedule IV controlled substance charge and to her driving under the influence (first offense) charge. Specifically, appellant contends that her conditional guilty pleas to those two misdemeanor offenses were not entered knowingly, intelligently, or voluntarily since Code § 19.2-254 does not permit a defendant to enter a conditional guilty plea to a misdemeanor charge.

Article I, Section 8 of the Virginia Constitution states, "in criminal cases, the accused may plead guilty." This Court has "interpreted this constitutional provision to mean that the Commonwealth must accept any guilty plea tendered before a jury has rendered its verdict, so long as the plea is entered 'knowingly, voluntarily, and intelligently.'" Hill v. Commonwealth, 47 Va. App. 667, 671, 626 S.E.2d 459, 461 (2006) (citing Graham v. Commonwealth, 11 Va. App. 133, 139, 397 S.E.2d 270, 273 (1990)). An accused does have the constitutional right to enter a guilty plea, but "an accused does not have a constitutional right to enter a *conditional* guilty plea. Rather, this right – established by Code § 19.2-254 – is a statutory one." Id. Code § 19.2-254 provides, in relevant part, as follows:

> With the approval of the court and the consent of the Commonwealth, a defendant may enter a conditional plea of guilty *in a felony case*, reserving the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motions. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

(Emphasis added).

Interpreting the plain language of Code § 19.2-254, this Court has held that it is error to permit a defendant to enter a *conditional* guilty plea to a misdemeanor charge since no such right exists by statute. Cross v. Commonwealth, 49 Va. App. 484, 487, 642 S.E.2d 763, 766 (2007), vacated on other grounds, 665 S.E.2d 861 (2008).[1] However, this principle of law does not end our analysis here.

---

[1] This case is distinguishable from Cross. First, this Court's opinion in Cross did not address whether Cross invited the error. Here, however, appellant invited the error when appellant's counsel told the trial court, "[I]t will be a conditional guilty plea on the DUI and the three drug possessions" charged against appellant. "'A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)). Second, this Court in Cross *reversed* the trial court's denial of Cross's motion to suppress the evidence. Cross, 49 Va. App. at 487, 642 S.E.2d at 763. Thus, in Cross the defendant's conditional guilty plea was supported by facts that ought to have been suppressed

In this case, unlike in Cross, it is clear that appellant's trial counsel invited the error by expressly informing the trial court that appellant wished to enter a conditional guilty plea to the two felony charges and two misdemeanor charges that were pending against appellant.[2] Thus, appellant through counsel asserted a right to enter a *conditional* guilty plea to misdemeanor charges – but now, on appeal, seeks a reversal of the trial court's judgment on the basis that such a right does not exist by statute. As the Supreme Court has held, "We will not 'notice error which has been invited by the party seeking to take advantage thereof on appeal.'" Muhammad v. Commonwealth, 269 Va. 451, 525, 619 S.E.2d 16, 58 (2005) (quoting Saunders v. Commonwealth, 211 Va. 399, 400, 177 S.E.2d 637, 638 (1970)); see also Rowe v. Commonwealth, 277 Va. 495, 501-03, 675 S.E.2d 161, 164-65 (2009) (holding that the defendant's counsel invited error when counsel argued at trial that assault and battery of a law enforcement officer, for which the defendant was never indicted, was a lesser-included offense of attempted capital murder of a law enforcement officer – but then argued on appeal that the defendant's conviction for assault and battery of a law enforcement officer was improper because it was not a lesser-included offense).

Because appellant's trial counsel invited the same error in the trial court that is now the basis of this assignment of error to this Court, we will not notice that error on appeal. See Muhammad, 269 Va. at 525, 619 S.E.2d at 58. Therefore, appellant's challenge based on the conditional nature of her guilty pleas to the two misdemeanor charges is not properly before this Court. Accordingly, we dismiss appellant's appeal as it pertains to her two misdemeanor convictions. See Hill, 47 Va. App. at 675-76, 626 S.E.2d at 463-64.

---

under the existing caselaw at that time. Here, however, in addressing appellant's first assignment of error, we have concluded that the trial court correctly denied appellant's motion to suppress evidence that supported appellant's felony and misdemeanor convictions.

[2] We note also that appellant never made a motion to withdraw her conditional guilty plea to either the misdemeanor or felony charges.

III. CONCLUSION

The record establishes that appellant had slurred speech, was driving at night without the benefit of either her headlights or her taillights, failed to follow Officer Lancaster's instructions, failed to perform satisfactorily two field sobriety tests, had watery eyes, fumbled with her phone, smelled of alcohol, and admitted to consuming some alcohol. Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, a rational trier of fact could find that Officer Lancaster had probable cause to arrest appellant for driving under the influence. Thus, the trial court did not err when it denied appellant's motion to suppress the evidence on the ground that Officer Lancaster lacked probable cause to arrest appellant for driving under the influence. Accordingly, we affirm both of appellant's felony convictions. Because appeal of her two misdemeanor convictions is not properly before us, however, we dismiss appellant's appeal of the two misdemeanor convictions.

<u>Affirmed in part and
dismissed in part.</u>