COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Petty and AtLee
Argued at Lexington, Virginia


ALBERT LEWIS FOWLER, III
                                                           MEMORANDUM OPINION* BY
v.        Record No. 0781-14-3                          JUDGE RICHARD Y. ATLEE, JR.
                                                                JULY 14, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Gregory T. Casker, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


On January 22, 2014, a judge for the Circuit Court of Pittsylvania County convicted Albert

Lewis Fowler, III (hereinafter "appellant") of two counts of felony solicitation of a minor by use of

a communications system. The court sentenced appellant to twenty years of imprisonment, with ten

years suspended. On appeal, appellant argues that the trial court erred in finding that he used a

communications system for purposes of Code § 18.2-374.3(D) when he handed the victim a note.

The Commonwealth argues that we lack jurisdiction to hear the case because appellant's

conditional guilty plea only preserves the right to appeal pretrial motions. We agree with the

Commonwealth to the extent that we do not reach appellant's assignment of error. However,

because appellant's conditional guilty plea was not "knowingly and voluntarily entered," it was

not a valid waiver of his constitutional rights, and therefore we reverse and remand the case to

the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

## I.    Facts of the Case

Appellant, then 49 years old, handed the victim, then 17 years old, a note while the victim was working in a grocery store.  The note read:

> I think you are one fine looking guy.  Very hot.  I would love to take you out to dinner or maybe buy you a drink.  I am not trying to make you uncomfortable or scare you.  If you are not interested I will not bother you anymore.  But if you would like to be pleasured I would love to pleasure you.  I can do things for you and to you that no girl could ever do.  I live alone in a 3 bedroom brick house and can be very good for you.  My name is Al.  If you are interested in just laying back and being pleasured call or text me at [redacted].  No one knows I am gay except the guys I pleasure.  I am straight acting and very descreet [sic].  Please do not just throw this away without thinking about my offer.  This is not a joke, I am very serious.  I hope you will take me up on my offer to pleasure you and call or text me. I know you will enjoy it as I am very good at what I do.  So, think about my offer.

After receiving the first note, the victim alerted his manager, who contacted the sheriff's office.  Law enforcement placed the note into evidence.  Over a month later, appellant delivered a second note to the victim containing a substantially similar message.  The victim reported this to his mother, who also contacted the sheriff's office.  An investigator called the number provided in the notes, pretending to be the victim.  The investigator ran a trace on the phone number, eventually located a picture of appellant, and confirmed with the victim that this was the individual who had handed him the notes.

Initially, appellant pleaded not guilty.  The Commonwealth requested a jury trial.  At the day of trial, appellant's counsel told the judge that after discussions with the Commonwealth, appellant agreed to stipulate to the evidence the Commonwealth intended to proffer, relying solely on motions to strike the evidence.  Appellant's counsel also explained on the record that if the trial court denied the motions to strike, he would withdraw his plea of not guilty and enter a conditional guilty plea. After hearing the evidence and appellant's argument in favor of his motion, the trial court denied appellant's first motion to strike and renewed motion to strike.

As previously contemplated, appellant, with the consent of the Commonwealth and the trial court, then amended his plea from not guilty to a conditional guilty plea. Specifically, appellant's counsel stated: "at this time the defendant would ask to change his plea from not guilty to a plea of, conditional plea of guilty reserving his rights to appeal of the Court's ruling on the issues raised at the motion to, both at the, at the two motions to strike." (App. at 65.) The judge conducted the plea colloquy, during which she asked appellant "do you understand that by pleading guilty, the conditional one, you may be waiving your right to appeal this Court's decision except for the objections that have been noted on the record in regard to the conditional plea?" (App. at 74.) Appellant stated that he understood. The judge accepted the plea, and ultimately sentenced appellant to ten active years in prison.

## II.     Jurisdiction over Appeals from Conditional Guilty Pleas

"Because the issue before us is a question of law involving the construction of Code § 19.2-254, we review the trial court's determination *de novo*." Cross v. Commonwealth, 49 Va. App. 484, 492, 642 S.E.2d 763, 767 (2007) (citing Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003)), vacated in part on other grounds, 52 Va. App. 598, 665 S.E.2d 861 (2008).

"[A]lthough an accused has the constitutional right to enter a guilty plea, an accused does not have a constitutional right to enter a *conditional* guilty plea. Rather, this right—established by Code § 19.2-254—is a statutory one." Hill v. Commonwealth, 47 Va. App. 667, 671, 626 S.E.2d 459, 461 (2006). Code § 19.2-254 states, in pertinent part:

> With the approval of the court and the consent of the Commonwealth, a defendant may enter a conditional plea of guilty in a misdemeanor or felony case in circuit court, reserving the right, on appeal from the judgment, to a review of the adverse determination of any specified *pretrial* motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Code § 19.2-254 (emphasis added).  In interpreting a statute, "we apply the well-established principle that 'words in a statute are to be construed according to their ordinary meaning, given the context in which they are used.'"  Cross, 49 Va. App. at 493, 642 S.E.2d at 767 (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)).  We also follow a fundamental principle of statutory construction that "'where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute.'"  Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005) (quoting Commonwealth v. Brown, 259 Va. 697, 704–05, 529 S.E.2d 96, 100 (2000)).  Here, the legislature explicitly limited the scope of appeals from conditional pleas to pretrial motions.  To permit an appeal of the denial of a motion to strike would impermissibly expand the scope of the statute beyond what the legislature intended.  Accordingly, appellant has no right to appeal the denials of his motions to strike.

### III.     Validity of the Plea:  Knowing and Voluntary

Although a conditional guilty plea is a statutory, not constitutional right, a defendant entering such a plea nonetheless waives several of the defendant's constitutional rights, including the right to a jury trial, the right to confront witnesses, and the protection against self-incrimination.  Graham v. Commonwealth, 11 Va. App. 133, 139, 397 S.E.2d 270, 273 (1990) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)).  "'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'"  Cross, 49 Va. App. at 495, 642 S.E.2d at 768 (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).  In other words, for a conditional guilty plea to be a valid waiver of a defendant's constitutional rights, he or she must have entered the plea "'freely, intelligently, and knowingly.'"  Id. (quoting Hill, 47 Va. App. at 674, 626 S.E. 2d at 463).  Furthermore, "to withstand scrutiny on appeal, the record must contain

- 4 -

an 'affirmative showing' that the guilty plea was entered voluntarily and intelligently." Hill, 47 Va. App. at 674, 626 S.E.2d at 463 (citing Boykin, 395 U.S. at 243).

Here, appellant clearly did not enter his plea intelligently and knowingly. His counsel unequivocally stated that appellant was entering a conditional plea for the express purpose of retaining his right to appeal the denial of his motions to strike. The Commonwealth did not object. The judge did not clarify that this was not allowed under Code § 19.2-254. Everyone present appeared to share the same mistaken understanding of Code § 19.2-254.

We faced a remarkably similar set of facts in Cross v. Commonwealth, 49 Va. App. 484, 642 S.E.2d 763 (2007). In that case, appellant entered a conditional guilty plea to misdemeanor charges, despite the fact that at the time, Code § 19.2-254 only permitted conditional pleas to felony charges. We concluded that the defendant "did not knowingly and intelligently enter a constitutionally valid plea of guilty," where "he specifically informed the trial court that he wished to preserve his right to appeal the denial of his motion to suppress" as it related to his misdemeanor charge and "entered his guilty plea based upon the understanding that he could appeal that issue." Id. at 495–96, 642 S.E.2d at 768. As in the case before us, "the trial court never advised [him] that a conditional guilty plea was not permitted," and "all parties were acting under the mistaken assumption that [he] was entering a valid conditional guilty plea." Id. at 496, 642 S.E.2d at 768–69.

## IV.    Conclusion

Because appellant did not enter a constitutionally valid guilty plea, we reverse his conviction, vacate his plea, and remand for proceedings consistent with this memorandum opinion.

Reversed and remanded.